IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff,  v.  LAMAR ELMER SMITH,  Defendant. | Case No. 12-cr-40111-JPG |

### MEMORANDUM AND ORDER

This matter comes before the Court on consideration of defendant Lamar Elmer Smith's *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10, making Amendment 821 retroactive (Doc. 35). Counsel voluntarily appeared for the defendant and has moved to withdraw because the defendant has asked her to and because she does not believe the defendant is eligible for a reduction (Doc. 40). *See Anders v. California*, 386 U.S. 738, 744 (1967). The Government has responded to counsel's motion indicating it has no objection to counsel's withdrawal and agrees that the defendant is not eligible for a reduction (Doc. 44). The defendant did not respond to counsel's motion to withdraw, although he was given an opportunity to do so.

The defendant pled guilty to one count of possession of a weapon by an inmate. At sentencing, the Court found his total offense level to be 11. The defendant's criminal history category established by his 11 criminal history points was V. *See* PSR ¶ 26. Two of his criminal history points were assessed because he was under a criminal sentence when he committed the offense of conviction ("status points"). *See* PSR ¶ 25. This yielded a guideline sentencing range of 24 to 30 months in prison. The Court imposed a sentence of 24 months

consecutive to the sentence he was then serving.

The defendant now asks the Court to apply recent changes to the Sentencing Guidelines to lower his sentence. Part A of Amendment 821 amended U.S.S.G. § 4A1.1(e) (2023) and concerns criminal history status points. For defendants who received status points and had 7 or more criminal history points for prior convictions, Amendment 821 provides that their 2-point assessment be reduced to 1 point.[1] Amendment 821 is retroactive. *See* U.S.S.G. § 1B1.10(d) (2023).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.

The defendant does not satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Amendment 821 did not lower the defendant's guideline sentencing range. It is true that it reduced the defendant's criminal history points under U.S.S.G. § 4A1.1 from 11 to 10, but he still falls within

---

[1] Part B of Amendment 821 concerns defendants with no criminal history points. This does not apply to the defendant because he was assessed criminal history points.

2

criminal history V.  *See* Sentencing Table, U.S.S.G. Ch. 5 Pt. A.   Thus, Amendment 821 did not result in a lower criminal history category, so it did not lower the defendant's sentencing range.

For the foregoing reasons, the Court **GRANTS** counsel's motion to withdraw (Doc. 40) and **DENIES** Smith's *pro se* motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 821 (Doc. 35).   AFPD Judith A. Kuenneke is **TERMINATED** as counsel in this case.

**IT IS SO ORDERED.**
**DATED:   April 18, 2024**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **U.S. DISTRICT JUDGE**